Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for MARLENE G. WEINSTEIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>INDEPENDENT ADOPTION CENTER,<br><br>Debtor. | Case No. 17-40327 RLE<br>Chapter 7<br>Hon. Roger L. Efremsky<br><br>[No Hearing Requested] |

**MOTION TO: (I) ABANDON NON-CONFIDENTIAL GENERAL BUSINESS RECORDS, DESTROY CONFIDENTIAL GENERAL BUSINESS RECORDS,
(II) SELL CONCORD TANGIBLE PERSONAL PROPERTY;
(III) ABANDON TANGIBLE PERSONAL PROPERTY IN OTHER LOCATIONS; AND
(IV) INCUR AND PAY EXPENSE**

Marlene G. Weinstein, Chapter 7 Trustee of the estate of the above Debtor, hereby moves the Court for an order authorizing relief as detailed below:

**I.    ABANDONMENT / DESTRUCTION OF GENERAL BUSINESS RECORDS**

The Trustee intends to abandon non-confidential general business records in the Debtor's locations in the states in which it operated (including storage facilities), and to destroy confidential business records that do not constitute confidential client adoption files. The confidential business records to be destroyed (all of which the Trustee has been advised are in the Concord office) include records that may include personally identifiable information of employees or clients, billing records, employee files, and other records not needed by the Trustee in her administration of the bankruptcy estate. The Trustee believes that destruction of these records is the best means of preserving

confidentiality at the least expense. The general business records are of no value to the estate except those records the Trustee and her accountant have taken from the Concord facility.

<u>Objections</u> to the proposed disposition of these records must comply with the procedure described in the last paragraph of the Trustee's Notice of Abandonment of Non-Confidential General Business Records and Destruction of Confidential General Business Records; Sale of Concord Tangible Personal Property; Abandonment of Tangible Personal Property in Other Locations; Intent to Incur and Pay Expense (the "Notice") filed concurrently herewith, and must be filed with the Court and served on the Trustee's counsel identified above no later than <u>10 days</u> from the date of the Trustee's Notice.

## II. SALE OF TANGIBLE ASSETS (CONCORD)

The Trustee intends to transfer the furniture and office equipment owned by the Debtor and located in its Concord office, to its landlord, Concord Center Investors, LLC, in lieu of payment of rent for February 2017. Rent accrues at the rate of approximately $20,000 per month. This transaction constitutes a sale in the Trustee's opinion and shortened notice is provided under Bankruptcy Local Rule 9014-1(d).

The Trustee, in the exercise of her business judgment, and after consultation with an auctioneer, believes that the transfer of the tangible personal property in Concord to the landlord in lieu of administrative rent is in the best interest of the estate.

<u>Objections</u> to the sale must comply with the procedure described in the last paragraph of the Notice, and must be filed with the Court and served on the Trustee's counsel identified above no later than <u>10 days</u> from the date of the Notice.

## III. ABANDONMENT OF TANGIBLE ASSETS (OTHER LOCATIONS)

The Trustee intends to abandon tangible personal property (owned or leased) in the Debtor's Los Angeles, Stamford, Raleigh, Tampa, Indianapolis, Houston, Dallas, and New York offices (and Atlanta to the extent to which the Debtor owned personal property there) because she has concluded that little in net proceeds can be realized from sale of assets after costs of sale and, as a result, they have inconsequential value to the estate. Abandonment is justified under 11 U.S.C. § 554.

<u>Objections</u> to the abandonment of tangible personal property must comply with the

procedure described in the last paragraph of the Notice, and must be filed with the Court and served on the Trustee's counsel identified above no later than 21 days from the date of the Notice.

### IV. INTENT TO INCUR AND PAY ADMINISTRATIVE EXPENSE

The Debtor has filed an amended "Mailing Matrix" that includes all creditors or potential creditors. They number approximately 3,670. The Trustee is estimating that the postage cost for mailing this notice will be $1,800. The Trustee will request as part of her order, 21 days after service, authority to reimburse her counsel for the actual cost of postage. The Trustee also intends to incur certain expenses relating to proper transfer of files and destruction of the general business records described above and will be seeking authority to spend up to $5,000 for that purpose (including, as necessary, reimbursement of her counsel for any advances for these expenses).

Objections to the proposed expenses must comply with the procedure described in the last paragraph of the Notice and must be filed with the Court and served on Trustee's counsel identified above no later than 21 days from the date of the Notice.

The Court has issued an Order Shortening Time for the notice of abandonment of records. Insofar as records are concerned, the Notice is served pursuant to that Order Shortening Time. Insofar as the Notice discloses the Trustee's intent to transfer tangible personal property at the Concord, California office, this motion is brought under the shortened time provision of Rule 9014-1(d) of the Bankruptcy Local Rules for the Northern District of California, which permits notice of as little as 7 days for a sale of property in premises for which the estate is incurring administrative rent. Abandonment of tangible property and notice of intent to incur and pay administrative expense are brought on standard 21 days' notice.

WHEREFORE the Trustee requests entry of an order authorizing the relief sought above.

DATED: February 22, 2017   RINCON LAW LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Marlene G. Weinstein, Trustee