Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for MARLENE G. WEINSTEIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

INDEPENDENT ADOPTION CENTER,

Debtor.

Case No. 17-40327 RLE
Chapter 7

Tentative Hearing Date:

Date: March 22, 2017
Time: 2:00 p.m.
Place: 1300 Clay Street, Ctrm. 201, Oakland
Court: Hon. Roger L. Efremsky

**MOTION TO: (I) TRANSFER NORTH CAROLINA ADOPTION FILES TO LICENSED INDEPENDENT AGENCY, AND (II) INCUR EXPENSE FOR TRANSFER OF PHYSICAL FILES TO ELECTRONIC FORMAT, AND (III) INCUR RELATED EXPENSE**

Marlene G. Weinstein, Chapter 7 Trustee of the estate of the above Debtor, hereby moves the Court for an order authorizing her to enter into an agreement with Nathanson Adoption Agency of Charlotte, North Carolina, to transfer to it possession of all adoption files currently in the possession of Independent Adoption Center, Inc., in its North Carolina office and a related storage facility. The Trustee is informed and believes there are approximately 800 files in various stages of progress, from beginning with home study files to completed adoptions and terminated agreements. The agreement is subject to Bankruptcy Court approval.

In five states, state agencies took possession of adoption files pursuant to state law. North Carolina and one other state do not have similar laws. In those two states, it was incumbent upon

the Debtor to provide adequate notice to the applicable agency (in North Carolina, the Department of Health and Human Services), and submit a plan for transition of adoption files to another independent agency. Neither was done. As a result, the responsibility for ensuring transfer of adoption files, or if it had become necessary, other disposition of those files, fell to the Trustee.

The Trustee has reached an agreement with Nathanson Adoption Agency, by which Nathanson Adoption Agency will take possession of and service adoption files that are active. Nathanson Adoption Agency has indicated that it maintains adoption records in electronic format only and that it will take possession of all adoption files only if they are converted to electronic format. The cost of converting the adoption files to electronic format is significant. The Trustee is estimating that the cost will be between $12,500 and $17,500. If the transfer of the adoption files to the Nathanson Adoption Agency and the expenditure for transfer of data from physical format to electronic format are approved, the Trustee will undertake that expense as a cost to the bankruptcy estate. After preservation of the files in electronic format, the physical files will be duplicative and will be destroyed by shredding. The estate cannot bear the expense of returning to individual clients parts of their files. The documents that could be returned (financial data, possibly medical data, family history, and certified copies of documents like birth certificates or marriage certificates) can be replaced without great inconvenience to the client. The Trustee is estimating the expense of destruction at $2,500.

The funds in the estate are limited and the proposed expenditure described above is significant in a case that may not have enough money to pay all costs of administration. However, given the circumstances of this bankruptcy case, the interests of all parties are best served by the course of action proposed in this notice regardless of the large expenditure. The Trustee has assessed alternatives and believes that the costs would be comparable and the results possibly not as complete.

Serving this notice on all parties will result in a postage cost alone of between $1,600 and $1,800. The Trustee is seeking authority to reimburse her counsel for the postage costs for service of the notice immediately upon entry of an order.

The Court entered an Order Shortening Time for notice of certain matters in this bankruptcy

1  case. In the case of transfer of files to an independent entity in North Carolina or one other state,
2  the Court shortened notice to 10 days. The Court shortened notice to 10 days for destruction of
3  records but required the Trustee to set a tentative hearing date for any objection to be heard.
4  Although physical files will be destroyed, they will be destroyed only after all files are electronically
5  transferred to the Nathanson Adoption Agency. As a result, the contents of the files will be fully
6  preserved. Nevertheless, the Trustee is setting a tentative hearing date of March 22, 2017, at 2:00
7  p.m. for objections.

A party wishing to object may file a simple objection, and present his or her argument at the hearing. Telephone appearances at the cost of the objecting party may be arranged through Court Call (866-582-6878).

WHEREFORE the Trustee requests entry of an order authorizing the relief sought above.

DATED: March 1, 2017            RINCON LAW LLP

By: */s/Charles P. Maher*
    Charles P. Maher
    Counsel for Marlene G. Weinstein, Trustee