1  XAVIER BECERRA
   Attorney General of California
2  CHERYL L. FEINER
   Supervising Deputy Attorney General
3  State Bar No. 170774
   HAMSA M. MURTHY
4  Deputy Attorney General
   State Bar No. 274745
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-5598
    Fax:  (415) 703-5480
7   E-mail:  hamsa.murthy@doj.ca.gov

8  *Attorneys for California Department of Social*
   *Services and Will Lightbourne, Director, California*
9  *Department of Social Services*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **In re:** | CASE NO. 17-40327 RLE<br>Chapter 7 |
| **INDEPENDENT ADOPTION CENTER,** | Judge      The Honorable Roger L. Efremsky |
| | [No Hearing Requested] |
| **Debtor** | |

**OPPOSITION TO MOTION TO ABANDON NON-CONFIDENTIAL GENERAL BUSINESS RECORDS, DESTROY CONFIDENTIAL GENERAL BUSINESS RECORDS, AND SELL CONCORD TANGIBLE ASSETS CONTAINING BUSINESS RECORDS**

**I.     INTRODUCTION**

Will Lightbourne, the Director of the California Department of Social Services, and the California Department of Social Services (collectively "CDSS")  oppose the Trustee's Motion to Abandon Non-Confidential General Business Records, Destroy Confidential Business Records, and Sell Concord Tangible Assets to the extent that they contain or are likely to contain business records ("Motion to Abandon"[ Dkt. No. 43]).  CDSS opposes the Motion to Abandon on information and belief that the owners of IAC and Board of Governors ("Board")  have violated

1

California laws and regulations governing adoptions, including but not limited to laws and regulations governing the licensing and financial management of adoption agencies. CDSS seeks to review and consider IAC's non-confidential business records and confidential business records in order to determine whether enforcement action against IAC's owners or Board is warranted, and to ensure that IAC's owners, executives, and Board members do not continue to violate the terms of any previously issued license, state law, or regulation.

Although CDSS has previously obtained IAC's records related to adoptions in California, those records do not provide CDSS with sufficient information to evaluate whether a state-issued license, or the numerous state laws and regulations governing adoptions have been violated. Furthermore, CDSS opposes the Motion to Abandon on information and belief that that the computers used at IAC's Concord location may have been sold to former IAC employees. CDSS is concerned that the data stored on those computers may have been erased, or that confidential information may have been improperly disseminated. In any event, preserving IAC's paper business records and any electronic information still at IAC's Concord office is necessary in light of the concerns regarding computers sold to staff.

CDSS proposes to work with the Trustee to transfer to it as soon as possible the non-confidential business and confidential business records, whether in hard copy or electronic format.

## II. BACKGROUND

IAC was a private full-service adoption agency operating in California under California License Number 075202328, and serving families in California for 34 years. IAC had a national presence and conducted business in California, Connecticut, Florida, Indiana, New York, North Carolina, and Texas. An affiliate of IAC conducted business in Georgia. To execute its functions as a private full-service adoption agency, IAC contracted directly with birth parents for the relinquishment of their biological children for the purposes of adoption, as provided by California Family Code section 8702.

On January 31, 2017, IAC issued a public statement that it had ceased business as an adoption agency, and that it had ceased all operations. On February 3, 2017, IAC filed a

Voluntary Chapter 7 Petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division. On February 3, 2017, CDSS took custody and control of IAC's documents related to prospective adoptive families resident in California.

### III. CDSS REQUIRES IAC'S NON-CONFIDENTIAL AND CONFIDENTIAL BUSINESS RECORDS TO DETERMINE WHETHER IAC VIOLATED CALIFORNIA LAWS AND REGULATIONS.

It is well-settled "that a trustee may not abandon property in contravention of a state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards." *Midlantic Nat. Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 507 (1986). CDSS is the single state agency responsible for the oversight of adoption programs in California. CDSS is thus charged with assuring the rights and safety of the public with respect to adoptions. To achieve these ends, the Department of Social Services, Community Care Licensing ("CDSS/CCL") licenses adoption agencies and requires private adoption agencies, such as IAC, to operate on a nonprofit basis. Cal. Code Regs. tit. 22, § 89001; see also Cal. Health & Saf. Code § 1502(a)(10).

The confidential and non-confidential documents—including but not limited to records from Board meetings, financial documents and personnel records—are necessary to determine whether public interests, as well as the rights of birth mothers and prospective adoptive parents were violated, and whether they continue to be violated or are at risk. Numerous California regulations require that an adoption agency's business records be made available for inspection as needed. Board meeting minutes, for example, are required to be kept and are to be made available to CDSS/CCL to inspect, audit, and copy. Cal. Code Regs. tit. 22, § 89119. The agency's Board is required to approve the operating budget and has responsibility for obtaining and receiving adequate funds. Cal. Code Regs. tit. 22, § 89122(a)(5).

Adoption agencies are required to be financially able to provide all the services they offer. Cal. Code Regs. tit. 22, § 89134. Title 22 of the California Code of Regulations, section 89134 (a) provides, for example, that "[i]f budget limitations exist, the scope and size of the agency's services shall be curtailed to a point that will permit available funds to maintain an adequate quality of service." Furthermore, receipt and expenditures of money are required to be in accord

with sound budgeting, disbursement, and audit control procedures (Cal. Code Regs. tit. 22, § 89134(d)), and adoption agencies are required to maintain records of receipts, disbursements, assets, and liabilities, in accordance with accepted accounting practices. Cal. Code Regs. tit. 22, § 89134(e).

Pursuant to CDSS/CCL's licensing responsibility and oversight, CDSS/CCL needs to determine whether there was any financial malfeasance at IAC, or any other improper conduct, that should prevent any officer or principal of the corporation from being licensed by CDSS/CCL again, or from being employed at another CDSS-licensed facility. Documents such as income statements, balance sheets, accounting ledgers, bank statements, bank reconciliations, income tax returns, financial audits, litigation history, board resolutions, filings with state agencies, records of communication between Board members and the agency's Executive Director regarding the financial status of the agency, and records reflecting the agency's decision to declare bankruptcy will likely allow CDSS/CCL to determine, for example, why the income stream at IAC did not sustain ongoing expenses, and why CDSS/CCL was not notified of IAC's putative financial difficulties prior to the cessation of business. The confidential and non-confidential business records of IAC are essential to making these determinations.

## IV. CONCLUSION

The Motion to Abandon should be denied.

Dated: March 6, 2017

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
CHERYL L. FEINER
Supervising Deputy Attorney General

/s/*Hamsa M. Murthy*
HAMSA M. MURTHY
Deputy Attorney General

4