XAVIER BECERRA
Attorney General of California
CHERYL L. FEINER
Supervising Deputy Attorney General
State Bar No. 170774
HAMSA M. MURTHY
Deputy Attorney General
State Bar No. 274745
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5626
 Fax: (415) 703-5480
 E-mail: cheryl.feiner@doj.ca.gov
*Attorneys for California Department of Social
Services and Will Lightbourne, Director, California
Department of Social Services*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br><br>**INDEPENDENT ADOPTION CENTER,**<br><br><br><br>**Debtor** | CASE NO. 17-40327 RLE<br>Chapter 7<br><br>Judge    The Honorable Roger L. Efremsky<br><br>[No Hearing Requested] |

**STIPULATION BETWEEN ESTATE OF INDEPENDENT ADOPTION CENTER, INC. AND THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES FOR THE TRANSFER OF CARE, CUSTODY, AND CONTROL OF CHILDREN**

Will Lightbourne, the Director of the California Department of Social Services, and the California Department of Social Services (collectively "CDSS"), and the Chapter 7 bankruptcy estate of Independent Adoption Center, Inc., by Marlene G. Weinstein, Chapter 7 Trustee, stipulate to an order transferring the care, custody, and control of the children subject to adoption proceedings in California who have been placed in adoptive and pre-adoptive homes, and who are currently under the governance of Independent Adoption Center, Inc. ("IAC"), a private full-

1

service adoption agency, to CDSS as the state agency responsible for the oversight and licensing of adoption agencies in California.

The transfer of the care, custody, and control of the children under the authority of IAC is necessary and appropriate under the regulatory powers of CDSS to ensure that the safety, security, and best interests of these children are satisfied, until such time as each child's case is transferred by CDSS to another licensed full-service agency within the State of California or the appropriate county agency, or until an order of adoption is finalized.

## I. RECITALS

1. IAC was a private full-service adoption agency operating in California under California License Number 075202328 and serving families in California for 34 years. IAC had a national presence and conducted business in California, Connecticut, Florida, Indiana, New York, North Carolina, and Texas. An affiliate of IAC conducted business in Georgia.

2. To execute its functions as a private full-service adoption agency, IAC contracted directly with birth parents for the relinquishment of their biological children for the purposes of adoption, as provided by California Family Code section 8702. Under California Family Code section 8704, subdivision (a), upon relinquishment or termination of parental rights, the private adoption agency, CDSS, or the county adoption agency becomes responsible for the care of a child that has been freed for adoption by either relinquishment or termination of parental rights and that entity has the exclusive care, custody, and control of the child until an order of adoption is granted. IAC executed relinquishments for children in California and thereby became responsible for the care, custody, and control of children who were the subject of relinquishments in California until an adoption order for each child is granted.

3. On January 31, 2017, IAC issued a public statement that it had ceased business as an adoption agency and had also ceased all operations effective as of that date.

4. On February 3, 2017, IAC filed a Voluntary Chapter 7 Petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division. Marlene G. Weinstein was appointed Chapter 7 Trustee of the IAC bankruptcy estate.

5. CDSS is the single state agency responsible for the oversight of adoption programs in California. As part of services provided to the State of California, CDSS operates six regional offices that provide various adoption services. Among others, those services include the completion of agency adoptions on behalf of several county child welfare agencies. In the service of those agency adoptions, and in accordance to California Welfare and Institutions Code 366.26, subdivision (j), children are placed in the exclusive care, custody, and control of CDSS.

6. Beginning February 1, 2017, CDSS collaborated with IAC to obtain possession of hundreds of adoption-related files that were held by IAC. CDSS is required by regulation to maintain closed adoption records. The Bankruptcy Court issued an order allowing the Trustee to transfer the remaining open adoption-related files in California to CDSS pursuant to the regulatory powers of the State of California. A copy of the order is attached as Exhibit A.

7. In light of the abrupt closure of IAC, the filing of IAC's Chapter 7 bankruptcy petition, and its concurrent unanticipated cessation of business, intervention by CDSS is required to ensure that the children and families served by IAC's California offices may finalize the adoptions with as little disruption to the process as possible. To continue the progress on these adoptions, care, custody, and control must be transferred to CDSS, which administers and oversees adoption agencies, and is authorized to conduct agency adoptions in California in some instances. Accordingly, the transfer of the care, custody, and control of these children to CDSS is in the public's interest.

8. Due to the absence of authority in a Chapter 7 case for a trustee to operate a business absent entry of an order under 11 U.S.C. § 721, and the absence of a license for the bankruptcy estate to operate an agency, and the responsibilities imposed on CDSS under California law, the Trustee of the IAC estate and CDSS agree that CDSS is best suited to ensure that the safety, security, and best interest of these children are satisfied, until such time as each child's case is transferred to another certified agency, county agency, or until an order of adoption is finalized.

///

## II. TERMS OF AGREEMENT

1. The parties agree that to safeguard the best interests of the children involved, the care, custody, and control of the children under the governance of IAC (California License Number 075202328) as a result of a relinquishment to IAC, and who are or may become subject to an adoption proceeding in California, should be transferred to CDSS effective immediately upon entry of a Bankruptcy Court order approving this stipulation.

2. CDSS agrees to accept the transfer of the care, custody, and control of these children until such time as each child's case is transferred to another licensed full-service agency or a county agency, or until an order for adoption is finalized.

3. The Trustee and CDSS stipulate to entry of an order by the United States Bankruptcy Court in the above case approving this stipulation and confirming the transfer by the estate to CDSS of the care, custody, and control of these children.

March 7, 2017    Bankruptcy Estate of Independent Adoption Center, Inc.

By: _____
Marlene G. Weinstein, Chapter 7 Trustee

March 7, 2017    California Department of Social Services

By: _____
Torene L.M. Schwab, Deputy Director

APPROVED AS TO FORM:

DATED: March 7, 2017    Rincon Law LLP

By: _____
Charles P. Maher,
Counsel for Marlene G. Weinstein, Chapter 7 Trustee

4

Case: 17-40327   Doc# 68   Filed: 03/08/17   Entered: 03/08/17 09:53:38   Page 4 of 5

1 | DATED: March 7, 2017     California Attorney General's Office

By: *Cheryl L. Feiner*
CHERYL L. FEINER
Supervising Deputy Attorney General
Counsel for California Department of Social Services

SF2017202765
41705640.doc