Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for MARLENE G. WEINSTEIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

INDEPENDENT ADOPTION CENTER,

    Debtor.

Case No. 17-40327 RLE
Chapter 7
Hon. Roger L. Efremsky

**DECLARATION OF CHARLES P. MAHER IN SUPPORT OF
SECOND *EX PARTE* APPLICATION FOR ORDER LIMITING NOTICE
FOR SINGLE TRANSACTION (F.R.B.P. 2002(m))**

I, Charles P. Maher, declare as follows:

1. I am an attorney with the law firm of Rincon Law LLP, counsel of record to Marlene G. Weinstein, Chapter 7 Trustee of the estate of the above Debtor.

2. The Debtor maintained offices in New York, North Carolina, California, Connecticut, Florida, Indiana, and Texas.

3. The laws of New York and North Carolina do not provide for the state to take possession of confidential adoption files. As a result, it is incumbent on an agency ceasing business to provide a plan for transfer of the files. The Debtor did not submit a plan in either state.

4. In New York, the Trustee has been unable to locate an agency that will take all of the adoption files. She estimates that there are approximately 200 such files.

5. The Trustee did however reach an agreement regarding a limited number of files with

1

1 an agency called Spence-Chapin Adoption Services, which the Trustee and I have learned has a very good reputation in New York.

6. In my discussions with general counsel for Spence-Chapin in early March 2017, Spence-Chapin informed me it would take 41 files comprising 25 families whose adoptions have been completed ("Alumni"), 8 files in which finalization of adoptions is pending ("Current-With-Child"), and 8 families who are in the home study process ("Home Study").

7. Spence-Chapin was not interested in taking other files.

8. On behalf of the Trustee, I filed an application for an order limiting notice on the transfer of the 41 files to those 41 families and certain other persons, including the New York Office of Children and Families. The Court granted the application and entered an order on March 7, 2017.

9. I prepared a notice for service on the 41 families. However, the notice was not served, even though it was filed.

10. On March 22, 2017, I received an e-mail from the general counsel at Spence-Chapin which indicated that, in addition to the 41 files it was originally willing to take, it was also willing to take 100 files characterized as "Current" in the Debtor's parlance.

11. The postage cost for service of a general notice is roughly $1,550. The only parties affected by the transfer of the files are the persons whose files are being transferred and the Trustee is seeking an order limiting notice of the proposed transfer to those persons, the New York Office of Children and Families, the United States Trustee and counsel for the Debtor.

I declare under penalty of perjury that the above statements are true and that if called as a witness I could and would testify to their truthfulness. This declaration is executed on the 22nd day of March 2017 in San Francisco, California.

*/s/Charles P. Maher*
Charles P. Maher