# Mickey Evans & Reginald Boyer

11204 Chaucers Ridge Ct • North Laurel, MD 20723
Mobile: (703) 371-0244 • mickrevans@gmail.com

ORIGINAL

FILED
MAR 0 9 2017
CLERK
United States Bankruptcy Court
San Jose, California

Charles P. Maher
RINCON LAW LLP
268 Bush Street Suite 3335
San Francisco, CA 94104

06 March 2017

RE: Objection of Trustee's Intent to Transfer North Carolina Adoption Files (Notice dated 1 March 2017)
Independent Adoption Center Case #17-40327 RLE

Dear Mr. Maher:

Please accept this letter as a formal objection to procedures outlined in your correspondence dated 01 March 2017. In particular, our objection concerns the destruction of our marriage license by shredding. While we realize this might seem the best fit for some, we are dismayed that our original marriage license will be destroyed. It holds both sentimental and historical meaning for us. We are an active duty military couple and were not able to get married until Don't Ask Don't Tell was repealed on 20 September 2011. On that day we applied for our marriage license in Massachusetts and after a mandatory 3-day waiting period we were married on 23 September 2011, our 12th "meet-aversary."

Realizing funds are limited (as indicated in your correspondence), we have enclosed two postage paid United States Postal Service large priority envelopes. It is our hope that the first envelope could be dropped in the mail to the facilitator in charge of handling conversion of the North Carolina files. We have taken the liberty of preaddressing the second envelope with our current address and placing it inside the first allowing the facilitator to simply place the marriage license (and possibly other documents) into the envelope and dropping it in the mail. Should the facilitator require additional funds to accomplish this task, please advise.

It might be of benefit to note we are not North Carolina residents, as such our home study was not conducted by the Independent Adoption Center (IAC). Our home study, conducted by Adoptions Together in Maryland (the state of our current duty assignment), and supporting documentation were only being 'housed' by the Independent Adoption Center. When the IAC closed its doors, we were hoping to adopt and should we decide to continue to pursue adoption, we will not be using another North Carolina agency.

It is our sincere hope the solution outlined will be utilized, ensuring we are able to receive our cherished original marriage license with no financial impact to the Trustee.

Should you have any questions, please feel free to utilize the contact information provided above. Thank you for your kindness and assistance.

Kindest Regards,

*Mickey R. Evans*
Mickey Evans

*Reginald Boyer*
Reginald Boyer

Enclosures: 2 postage paid large priority envelopes
Maher correspondence

Cc: Marlene G. Weinstein
Honorable Roger L. Efemsky

Case: 17-40327   Doc# 93   Filed: 03/09/17   Entered: 03/27/17 14:04:29   Page 1 of 3

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re

INDEPENDENT ADOPTION CENTER,

    Debtor.

Case No. 17-40327 RLE
Chapter 7

Tentative Hearing Date:

Date: March 22, 2017
Time: 2:00 p.m.
Place: 1300 Clay Street, Ctrm. 201, Oakland
Court: Hon. Roger L. Efremsky

### NOTICE OF TRUSTEE'S INTENT TO TRANSFER NORTH CAROLINA ADOPTION FILES TO LICENSED INDEPENDENT AGENCY AND TO INCUR EXPENSE FOR TRANSFER OF PHYSICAL FILES TO ELECTRONIC FORMAT AND INCUR RELATED EXPENSE

TO CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE THAT** Marlene G. Weinstein, Chapter 7 Trustee, has entered into an agreement with Nathanson Adoption Agency of Charlotte, North Carolina, to transfer to it possession of all adoption files currently in the possession of Independent Adoption Center, Inc., in its North Carolina office and a related storage facility. The Trustee is informed and believes there are approximately 800 files in various stages of progress, from beginning with home study files to completed adoptions and terminated agreements. The agreement is subject to Bankruptcy Court approval.

In five states, state agencies took possession of adoption files pursuant to state law. North Carolina and one other state do not have similar laws. In those two states, it was incumbent upon the Debtor to provide adequate notice to the applicable agency (in North Carolina, the Department of Health and Human Services), and submit a plan for transition of adoption files to another independent agency. Neither was done. As a result, the responsibility for ensuring transfer of adoption files, or if it had become necessary, other disposition of those files, fell to the Trustee.

The Trustee has reached an agreement with Nathanson Adoption Agency, by which Nathanson Adoption Agency will take possession of and service adoption files that are active. Nathanson Adoption Agency has indicated that it maintains adoption records in electronic format only and that it will take possession of all adoption files only if they are converted to electronic format. The cost of converting the adoption files to electronic format is significant. The Trustee is estimating that the cost will be between $12,500 and $17,500. If the transfer of the adoption files to the Nathanson Adoption Agency and the expenditure for transfer of data from physical format to electronic format are approved, the Trustee will undertake that expense as a cost to the bankruptcy estate. After preservation of the files in electronic format, the physical files will be duplicative and will be destroyed by shredding. The estate cannot bear the expense of returning to individual clients parts of their files. The documents that could be returned (financial data, possibly medical data, family history, and certified copies of documents like birth certificates or marriage certificates) can be replaced without great inconvenience to the client. The Trustee is estimating the expense of destruction at $2,500.

The funds in the estate are limited and the proposed expenditure described above is significant in a case that may not have enough money to pay all costs of administration. However, given the circumstances of this bankruptcy case, the interests of all parties are best served by the course of action proposed in this

1

notice regardless of the large expenditure. The Trustee has assessed alternatives and believes that the costs would be comparable and the results possibly not as complete.

Serving this notice on all parties will result in a postage cost alone of between $1,600 and $1,800. The Trustee is seeking authority to reimburse her counsel for the postage costs for service of the notice immediately upon entry of an order.

The Court entered an Order Shortening Time for notice of certain matters in this bankruptcy case. In the case of transfer of files to an independent entity in North Carolina or one other state, the Court shortened notice to 10 days. The Court shortened notice to 10 days for destruction of records but required the Trustee to set a tentative hearing date for any objection to be heard. Although physical files will be destroyed, they will be destroyed only after all files are electronically transferred to the Nathanson Adoption Agency. As a result, the contents of the files will be fully preserved. Nevertheless, the Trustee is setting a tentative hearing date of March 22, 2017, at 2:00 p.m. for objections.

A party wishing to object may file a simple objection, and present his or her argument at the hearing. Telephone appearances at the cost of the objecting party may be arranged through Court Call (866-582-6878).

**PLEASE TAKE FURTHER NOTICE THAT** anyone who wishes to object to the transfer of files described above must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California specified above, as modified by an Order Shortening Time entered by the Bankruptcy Court. Rule 9014-1 prescribes the following procedure: any objection to the requested relief, or request for hearing on the matter, must be filed and served upon the Trustee's counsel identified below within 10 days of the date of this notice. If there is no timely objection to the request for relief or request for hearing, the Court may enter an order granting the relief by default. In the event of a timely-filed objection or request for hearing, the hearing on the objection will take place on March 22, 2017, or such earlier date that may be set on adequate notice. Any objection will be heard by the Honorable Roger L. Efremsky in his courtroom located at 1300 Clay Street, 2nd Floor, Oakland, California at a time and date to be provided to the objecting party on appropriate notice. For purposes of filing with the Court, documents shall be filed with the United States Bankruptcy Court, 1300 Clay Street, Oakland, CA 94612, and served on counsel for the Trustee at the address below.

DATED: March 1, 2017            RINCON LAW LLP


                                By: /s/Charles P. Maher
                                    Charles P. Maher
                                    Counsel for Marlene G. Weinstein, Trustee

Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

2