1    Charles P. Maher, State Bar No. 124748
     RINCON LAW, LLP
2    200 California Street, Suite 400
     San Francisco, CA 94111
3    Telephone No.: 415-840-4199
     Facsimile No.: 415-680-1712
4    Email: cmaher@rinconlawllp.com

5    Counsel for Marlene G. Weinstein,
     Trustee in Bankruptcy
6

7

8                        UNITED STATES BANKRUPTCY COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                OAKLAND DIVISION

11   In re                                  Case No. 17-40327 RLE
                                            Chapter 7
12   INDEPENDENT ADOPTION CENTER,
                                            Date:  October 31, 2018
13                Debtor.                    Time:  2:00 p.m.
                                            Place: 1300 Clay Street
14                                                 Hon. Roger L. Efremsky
                                                   Courtroom 201
15                                                 Oakland, CA 94612

16
     _____

17                 **NOTICE OF EXECUTED SETTLEMENT AGREEMENT**

18          Attached as **Exhibit A** is an authentic copy of the fully executed settlement agreement

19   involving Marlene G. Weinstein, Chapter 7 Trustee, Navigators Insurance Company, and individual

20   defendants in Adversary Proceeding No. 17-04020.

21          The last signature was received on October 11, 2018.

22
     DATED: October 17, 2018           RINCON LAW, LLP
23

24

25                                 By: */s/Charles P. Maher*
                                       _____
26                                     Charles P. Maher
                                       Counsel for Marlene G. Weinstein, Chapter 7 Trustee
27

28

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (the "Agreement") is entered into as of October ⟦11⟧, 2018 by and among the following:

  i.  Marlene G. Weinstein, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Independent Adoption Center (the "Debtor");

  ii.  Navigators Insurance Company ("Navigators"); and

  iii.  Gregory S. Kuhl, Susan Sparling, Alex Kaplan, Nancy Worrell, Dan Ward, William Kinnane, Christine Zwerling, and Marcia Hodges (collectively, the "D&O Defendants").

The Trustee, Navigators, and the D&O Defendants are collectively referred to herein as the Parties, and individually as a Party.

RECITALS

A.     On February 3, 2017, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, In re Independent Adoption Center, U.S. Bankruptcy Court, N.D. Cal., Case No. 17-40327-RLE (the "Bankruptcy Case") ;

B.     Marlene G. Weinstein was subsequently appointed Chapter 7 Trustee of the Debtor;

C.     On March 21, 2017, the Trustee filed an adversary proceeding entitled Marlene G. Weinstein, Trustee v. Gregory S. Kuhl, et al., U.S. Bankruptcy Court, N.D. Cal., Adversary Case No. 17-04020-RLE (the "Adversary Action");

D.     Navigators issued Directors and Officers Liability Insurance Policy No. NY 16DOL02898NV to the Debtor for the policy period from March 24, 2016 to March 24, 2017 (the "Policy");

EXHIBIT A

E.     The Parties dispute whether the Policy provides coverage to the D&O Defendants for the Adversary Action;

F.     Navigators has filed an action entitled <u>Navigators Insurance Company v. Gregory S. Kuhl, et al,</u>, Case No. 3: 18-cv-04521-CRB, in the U.S. District Court for the Northern District of California (the "DJ Action") seeking a declaration that the Policy does not afford coverage for the Adversary Action.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree, as follows:

1.     The above recitals are hereby incorporated into this Agreement.

2.     On September 27, 2018,  the Trustee filed a Notice of Partial Settlement in the Bankruptcy Case which describes the settlement that is memorialized in this Agreement  (the "Notice of Settlement").    The Parties agree that  (a)  the Bankruptcy Court's approval of the settlement described in the Notice of Settlement  is a condition to the validity and enforceability of this Agreement, and  (b)  this Agreement shall become effective and enforceable on  the date that an order has been entered by  the Bankruptcy Court  approving the settlement and  has become a  final  order ("<u>Settlement Effective Date</u>").[1]

---

[1] For purposes of this  Agreement, the term  "final order" means an order that has not been reversed, stayed, modified or amended, and as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any rights to appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehearing shall have been waived in writing in form and substance satisfactory to the Parties or, in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order or judgment of the Court or other applicable court shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule, may be filed related to such order or judgment shall not cause such order or judgment not to be a "final order."

2

LEGAL\38330978\1

EXHIBIT A

3.      Navigators will pay the Bankruptcy Estate $500,000.00 (the "Settlement Amount"). The Settlement Amount shall be paid to the Bankruptcy Estate within 20 calendar days after the Settlement Effective Date ("Settlement Payment Date") by way of a check in the amount of $500,000.00 made payable to "Bankruptcy Estate of Independent Adoption Center" and sent by overnight delivery service to the Trustee at the following address: Marlene G. Weinstein, Chapter 7 Trustee, 1511 Sycamore Ave., Suite M-259, Hercules, CA 94547. The Trustee's counsel shall deliver to Navigators' counsel the Trustee's completed W-9 form before the Settlement Payment Date.

4.      The Parties consent to the Bankruptcy Court entering an order allowing relief from the automatic stay pursuant to Bankruptcy Code §362 to allow Navigators to pay Gordon & Rees $137,801.18 for defense of the D&O Defendants in the Adversary Action. The payment to Gordon & Rees by Navigators will be in addition to the above-referenced Settlement Amount to be paid to the Bankruptcy Estate.

5.      Upon the Settlement Payment Date and the payment of the Settlement Amount to the Bankruptcy Estate, the Trustee, on behalf of herself and the Debtor and the Bankruptcy Estate, and each of their predecessors, predecessors-in-interest, successors, successors-in-interest, parents, subsidiaries, affiliates and assigns, and all of their respective past or present principals, members, shareholders, partners, officers, directors, managers, employees, trustees, agents, attorneys and representatives, in their capacity as a representative of the Debtor and/or the Bankruptcy Estate (the "Estate Releasing Parties"), do hereby release, acquit, exonerate, and forever discharge Navigators and each and all of its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliates, parents, subsidiaries, and assigns, and all of their respective past or present principals, members, shareholders, partners, officers, directors, managers, employees, trustees, agents, insurers, reinsurers, attorneys and representatives, and all

3

LEGAL\38330978\1

persons or entities acting by, through, under, or in concert with any of them (the "Insurer Releasees") of and from all and every manner of actions, derivative actions, causes and causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, interest, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, suspected or unsuspected, accrued or unaccrued, in law, equity or otherwise, that are owned by or may be prosecuted by the Trustee and/or the Bankruptcy Estate, including without limitation, any claim alleging "bad faith," breach of the duty of good faith and fair dealing, unfair claims handling, unfair trade practices, unfair insurance practices, breach of fiduciary duty, any duty to investigate, indemnify, or settle, or any other alleged wrongdoing or breach of duty that the Estate Releasing Parties ever had or now have or may have against the Insurer Releasees, arising out of, connected with, or related to (i) the Policy; (ii) the Adversary Action; and/or (iii) any of the allegations alleged or that could have been alleged in the Adversary Action. This release, however, shall not release, acquit, exonerate, discharge, affect or modify any claims of the Parties arising from or relating to any obligations, representations, or warranties and covenants under this Agreement. This release shall also not release, acquit, exonerate, discharge, affect or modify any claims the Trustee and/or the Bankruptcy Estate have or may have against third parties, including, but not limited to Landmark American Insurance Company, RSUI Group, Inc., and/or Philadelphia Insurance Company.

6.     Upon the Settlement Payment Date and the payment of the Settlement Amount to the Bankruptcy Estate, Navigators on behalf of itself and each of its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliates, parents, subsidiaries, and assigns, and all of their respective past or present principals, members, shareholders, partners, officers, directors, managers, employees, subsidiaries, affiliates, trustees, agents, attorneys and representatives, and all persons or entities acting by, through, under or in concert with any of them (the "Insurer

4

LEGAL\38330978\1

**EXHIBIT A**

Releasing Parties"), do hereby release, acquit, exonerate, and forever discharge the Trustee, the Debtor and the Bankruptcy Estate and each and all of their attorneys, advisors, accountants, members, other legal representatives, predecessors, predecessors-in-interest, successors, successors-in interest, affiliates and assigns in their capacity as a representative of the Debtor and/or the Bankruptcy Estate (the "Estate Releasees") of and from all and every manner of actions, causes and causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses and attorneys' fees, demands and liabilities whatsoever of every kind and nature, whether known or unknown, suspected or unsuspected, accrued or unaccrued, in law, equity or otherwise that the Insurer Releasing Parties ever had or now have or may have against the Estate Releasees, arising out of, connected with, or related to (i) the Policy; (ii) the Adversary Action; and/or (iii) any of the allegations alleged or that could have been alleged in the Adversary Action. This release, however, shall not release, acquit, exonerate, discharge, affect, or modify any claims of the Parties arising from or relating to any obligations, representations, or warranties and covenants under this Agreement. This release shall also not release, acquit, exonerate, discharge, affect or modify any claim Navigators has or may have against other insurers, including, but not limited to, Landmark American Insurance Company, RSUI Group, Inc., and/or Philadelphia Insurance Company.

7.      Upon the Settlement Payment Date and the payment of the Settlement Amount, the D&O Defendants on their own behalf, and on behalf of each of their respective past, present, and future agents, representatives, heirs, executors, administrators, successors, successors-in-interest, attorneys, solicitors, and assigns, and any persons or entities acting by, through, under, or in concert with them or any of them ( the "D&O Releasors"), hereby remise, release, forever discharge and covenant not to sue the Insurer Releasees of and from any and all actions, causes, and causes of action, claims, counterclaims, cross-claims, suits, proceedings, liabilities, damages,

5

LEGAL\38330978\1

punitive damages, interest, attorneys' fees, costs, and demands, known or unknown, contractual or extra-contractual, of any kind or character whatsoever, including without limitation, any claim for compensatory, punitive, extra-contractual, or other damages or relief, and any claim alleging "bad faith," breach of the duty of good faith and fair dealing, unfair claims handling, unfair trade practices, unfair insurance practices, breach of fiduciary duty, any duty to investigate, indemnify, or settle, or any other alleged wrongdoing or breach of duty that the Insured Parties now have, or claim to have, or have had, arising from, relating to, or in any way involving (i) the Policy; (ii) the Adversary Action; and/or (iii) any of the allegations alleged or that could have been alleged in the Adversary Action. This release, however, shall not release, acquit, exonerate, discharge, affect or modify any claims of the Parties arising from or relating to any obligations, representations, or warranties and covenants under this Agreement. This release shall also not release, acquit, exonerate, discharge, affect or modify any claims that D&O Defendants have or may have against other insurers, including, but not limited to, Landmark American Insurance Company, RSUI Group, Inc., and/or Philadelphia Insurance Company.

       8.      Upon the Settlement Payment Date and the payment of the Settlement Amount to the Bankruptcy Estate, Navigators releases the D&O Defendants from any claims for monetary damages as a result of, or reimbursement of, payments made by Navigators on the D&O Defendants' behalf. This release, however, shall not release, acquit, exonerate, discharge, affect or modify any claims of the Parties arising from or relating to any obligations, representations, or warranties and covenants under this Agreement. This release shall also not release, acquit, exonerate, discharge, affect or modify any claims that Navigators has or may have against other insurers, including, but not limited to, Landmark American Insurance Company, RSUI Group, Inc., and/or Philadelphia Insurance Company.

LEGAL\38330978\1

9.     The Parties acknowledge that they have been advised by their attorneys concerning, and are familiar with, the provisions of California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties further acknowledge that they may have sustained damages, losses, fees, costs or expenses that are presently unknown and unsuspected, and that such damages, losses fees, costs, or expenses as the Parties may have sustained might give rise to additional damages, losses, fees, costs, or expenses in the future. Nevertheless, each of the Parties acknowledges that this Agreement has been negotiated and agreed upon in light of such possible damages, losses, fees, costs, or expenses, and with respect to all rights relating to the Policies, and/or the Adversary Action, and each expressly waives any and all rights under any federal, state, or territorial statute or law in respect of claims that each of the Parties does not know or suspect to exist in his, her, or its favor at the time of executing this release, which, if known by him, her, or it, must have materially affected his, her, or its settlement.

10.     The D&O Defendants represent and acknowledge that they understand that the Trustee and the Bankruptcy Estate are not providing a release or dismissal to any of the D&O Defendants and the Trustee is continuing to pursue the Adversary Action against them.   The D&O Defendants further represent and acknowledge that they understand a judgment against

7

LEGAL\38330978\1

them in the Adversary Action could potentially exceed the limits of liability of the Navigators Policy and/or any other insurance policy applicable to the Adversary Action.

11.     The Parties agree that the amount of the Settlement Amount ($500,000.00) shall be used, in the form of a credit, by the D&O Defendants in the Adversary Action to reduce the amount of their overall and total liability, if any, to the Bankruptcy Estate in the Adversary Action.   The maximum amount of such a credit would be measured by the Settlement Amount, and could never exceed the Settlement Amount.

12.     Notwithstanding the releases contained in paragraphs 6 through 9, above, nothing in this Agreement shall preclude Navigators from asserting any rights it may have at law, equity, or under the Policy, including without limitation any rights to subrogation, and/or contribution, as a claim or defense against any other insurer of the Debtor, the Bankruptcy Estate, and/or the D&O Defendants, including but not limited to Landmark American Insurance Company, RSUI Group, Inc., and/or Philadelphia Indemnity Company.

13.     Within 20 calendar days of the payment of the Settlement Amount to the Bankruptcy Estate, the Trustee shall voluntarily dismiss the Adversary Action as to Navigators with prejudice, with the Trustee and Navigators to bear their own costs and attorney's fees in the Adversary Action.

14.     Subject to paragraph 11, above, within 20 calendar days of the payment of the Settlement Amount to the Bankruptcy Estate, Navigators shall voluntarily dismiss its complaint against the D&O Defendants in the DJ Action with prejudice, with Navigators and the D&O Defendants to bear their own costs and attorney's fees.

15.     The D&O Defendants and the Trustee covenant and agree that the payment by Navigators, represent full and final satisfaction by Navigators of any and all claims relating to or in any way involving the Policy and/or the Adversary Action.

8

LEGAL\38330978\1

EXHIBIT A

16.     The Parties intend the payment of the Settlement Amount and the releases provided for herein to be a contemporaneous exchange.

17.     The payment and release of claims by and among the Parties, as set forth herein, have been agreed to by way of a compromise of the disputed claims among the Parties, including without limitation, the disputes regarding coverage under the Policy. It is expressly agreed that this Agreement, and the settlement provided for herein, whether or not consummated, shall have no precedential value with respect to any other claim or policy issued by Navigators or one of its affiliated companies and shall in no event be construed or be deemed to be evidence of an admission or a concession by any of the Parties with respect to any claim or allegation, or any fault, or any liability whatsoever. This Agreement and each of its provisions, any prior drafts thereof, and any negotiations relating to it, shall not be offered or received in evidence in any action or proceeding, except that only this Agreement may be offered or received in evidence in a proceeding to enforce the terms of this Agreement.

18.     The Parties declare and represent that no promise or inducement or other agreement not expressly contained herein has been made to any of them and that they have relied upon the advice of their own attorneys in entering into this Agreement.

19.     Each of the Parties represents and warrants that he/she/it has not assigned or transferred or purported to assign or transfer to any person or entity all or any part of any interest in any claim, contention, demand, cause of action (at law or in equity), debt, lien, agreement, note, obligation, or liability of any nature, character, or description whatsoever that is or that purports to be released or discharged by this Agreement.

20.     Each of the Parties acknowledges that he, she, or it has had adequate opportunity to make whatever investigation or inquiry he, she, or it may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the

9

LEGAL\38330978\1

EXHIBIT A

delivery and acceptance of the consideration specified herein. Each Party to this Agreement understands, acknowledges and agrees that if any fact now believed to be true is found to be other than, or different from, that which is now believed, each Party expressly assumes the risk of such difference in fact and agrees that this Agreement shall remain effective notwithstanding any such difference in fact.

21.     The Parties to this Agreement hereby specifically state that they have executed this Agreement voluntarily after consultation with legal counsel of their own choosing as to the provisions and ramifications thereof.

22.     The Parties acknowledge that each of them has had an equal opportunity to participate in the drafting of this Agreement. Therefore, in any construction of this Agreement, the Parties agree and understand that this Agreement shall not be construed against any Party on the basis of authorship. This Agreement shall not be interpreted according to any rules governing interpretation of insurance policies.

23.     This Agreement constitutes the complete expression of the terms of the settlement among the Parties. All other prior and contemporaneous agreements, representations and negotiations are superseded by this Agreement. The terms of this Agreement are contractual and not merely a recital.

24.     No waiver, modification, or amendment of any term, condition, or provision of this Agreement shall be valid or have any force or effect unless made in writing and signed by each of the Parties.   The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to any amendment to this Agreement.

25.     This Agreement shall be binding on any successors or assigns of the Parties.

LEGAL\38330978\1

26.     Each person signing this Agreement in a representative capacity represents and warrants that he or she has full and lawful authority from the Party or Parties he or she represents, to make, execute and deliver this document on behalf of such Party.

27.     This Agreement may be signed in counterparts and shall be effective upon execution by all of the Parties subject to the conditions stated herein. Facsimile, PDF and tif images of signatures shall be valid and effective as original signatures.

Marlene G. Weinstein, Trustee of the Bankruptcy Estate of Independent Adoption Center

By: _____

_____
Gregory S. Kuhl

_____
Susan Sparling

_____
Alex Kaplan

_____
Nancy Worrell

_____
Dan Ward

11

LEGAL\3833097811

EXHIBIT A

26.    Each person signing this Agreement in a representative capacity represents and warrants that he or she has full and lawful authority from the Party or Parties he or she represents, to make, execute and deliver this document on behalf of such Party.

27.    This Agreement may be signed in counterparts and shall be effective upon execution by all of the Parties subject to the conditions stated herein. Facsimile, PDF and tif images of signatures shall be valid and effective as original signatures.

Marlene G. Weinstein, Trustee of the Bankruptcy
Estate of Independent Adoption Center

By: _____

_____
Gregory S. Kuhl

_____
Susan Sparling

_____
Alex Kaplan

_____
Nancy Worrell

_____
Dan Ward

11

LEGAL\38330978\1

26.     Each person signing this Agreement in a representative capacity represents and warrants that he or she has full and lawful authority from the Party or Parties he or she represents, to make, execute and deliver this document on behalf of such Party.

27.     This Agreement may be signed in counterparts and shall be effective upon execution by all of the Parties subject to the conditions stated herein. Facsimile, PDF and tif images of signatures shall be valid and effective as original signatures.

Marlene G. Weinstein, Trustee of the Bankruptcy
Estate of Independent Adoption Center

By: _____


_____
Gregory S. Kuhl

_____
Susan Sparling


_____
Alex Kaplan


_____
Nancy Worrell


_____
Dan Ward

11

LEGAL\38330978\1

EXHIBIT A

26.     Each person signing this Agreement in a representative capacity represents and warrants that he or she has full and lawful authority from the Party or Parties he or she represents, to make, execute and deliver this document on behalf of such Party.

27.     This Agreement may be signed in counterparts and shall be effective upon execution by all of the Parties subject to the conditions stated herein. Facsimile, PDF and tif images of signatures shall be valid and effective as original signatures.

Marlene G. Weinstein, Trustee of the Bankruptcy
Estate of Independent Adoption Center

By: _____

_____
Gregory S. Kuhl

_____
Susan Sparling

_____
Alex Kaplan

_____
Nancy Worrell

_____
Dan Ward

11

LEGAL\38330978\1

**EXHIBIT A**

26.     Each person signing this Agreement in a representative capacity represents and warrants that he or she has full and lawful authority from the Party or Parties he or she represents, to make, execute and deliver this document on behalf of such Party.

27.     This Agreement may be signed in counterparts and shall be effective upon execution by all of the Parties subject to the conditions stated herein. Facsimile, PDF and tif images of signatures shall be valid and effective as original signatures.

Marlene G. Weinstein, Trustee of the Bankruptcy
Estate of Independent Adoption Center

By: _____


_____
Gregory S. Kuhl


_____
Susan Sparling


_____
Alex Kaplan


_____
Nancy Worrell


_____
Dan Ward


11

LEGAL\38330978\1

EXHIBIT A

26.     Each person signing this Agreement in a representative capacity represents and warrants that he or she has full and lawful authority from the Party or Parties he or she represents, to make, execute and deliver this document on behalf of such Party.

27.     This Agreement may be signed in counterparts and shall be effective upon execution by all of the Parties subject to the conditions stated herein. Facsimile, PDF and tif images of signatures shall be valid and effective as original signatures.

<div style="margin-left:40%">

Marlene G. Weinstein, Trustee of the Bankruptcy Estate of Independent Adoption Center

By: _____

_____
Gregory S. Kuhl

_____
Susan Sparling

_____
Alex Kaplan

_____
Nancy Worrell

_____
Dan Ward

</div>

11

LEGAL\38330978\1

EXHIBIT A

_____
William Kinnane

_____
Christine Zwerling

_____
Marcia Hodges

NAVIGATORS INSURANCE COMPANY

By: _____
Title: _____

LEGAL\38330978\1

EXHIBIT A

_____
William Kinnane

_____
Christine Zwerling

_____
Marcia Hodges

NAVIGATORS INSURANCE COMPANY

By: _____
Title: _____

LEGAL\38330978\1

EXHIBIT A

_____
William Kinnane


_____
Christine Zwerling


*Marcia Q. Hodges*
Marcia Hodges



NAVIGATORS INSURANCE COMPANY

By: _____
Title: _____

12

LEGAL\3833097\1

---
William Kinnane

---
Christine Zwerling

---
Marcia Hodges




NAVIGATORS INSURANCE COMPANY

By: _____

Title: _____

12

LEGAL\38330978\1